IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CHERYL GIBBS,            )
                              )   Civil Action No. 07cv9851 (GBD)
             Plaintiff,   )
                              )
            v.                 )
                              )
VERIZON,               )
                              )
             Defendant.   )

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION AND PROCEDURAL HISTORY**

This ERISA action involves a claim asserted by Plaintiff Cheryl Gibbs against

Defendant Verizon seeking a disability pension.  Although Plaintiff's pro se Complaint names

"Verizon" as defendant, Plaintiff's Complaint appears to assert a claim under §502(a)(1)(B) of

ERISA, 29 U.S.C. §1132(a)(1)(B), for a disability pension under the Verizon Pension Plan for

New York and New England Associates (hereinafter the "Plan").[1]  Verizon is the sponsor of the

Plan. See May 29, 2008 Affidavit of Marc A. Schoenecker (hereinafter "Schoenecker Affidavit")

at ¶1 and Exhibit 1.

Defendant has moved for summary judgment with respect to Plaintiff's ERISA

claim.  The basis for Defendant's motion is that the administrative record supports its

determination that Ms. Gibbs was not eligible for a disability pension under the Plan because (1)

---

[1]   The correct name of Plaintiff's former employer is Verizon Communications Inc., which hereinafter is referred to as the "Company" or "Verizon."   It is well-settled that the proper defendant to an ERISA claim for benefits under section 502(a)(1)(B) is the Plan, not the Plan sponsor or administrator.  See, e.g., Lee v. Burkhart, 991 F.2d 1004, 1009 (2d Cir. 1993).  Given the pro se nature of this proceeding, Defendant has not raised this pleading issue by motion, and suggests that the Court simply proceed as if the Plan, rather than Verizon, had been named as defendant.

she failed to produce evidence demonstrating an inability to work because of her stated medical conditions, and (2) she did not receive sickness benefits under Verizon's Sickness and Accident Disability Plan for 52 weeks, which is a specific requirement for obtaining a disability pension under the Plan.

This Memorandum is submitted in support of Defendant's motion for summary judgment.

## STATEMENT OF MATERIAL FACTS

Plaintiff Cheryl Gibbs is a participant under the Plan by virtue of her prior employment with Verizon and its affiliate/predecessor companies.  Schoenecker Affidavit at ¶3.  Ms. Gibbs' last day of active employment was August 2, 2000.  In November, 2006, more than six years after her last day of work, Ms. Gibbs submitted a claim for a disability pension under the Plan.  Schoenecker Affidavit at ¶4.  See also id., Exhibit 6 at page V-0293.

The eligibility requirements for a disability pension under the Plan are set forth in Article IV, Section 4.3 of the Plan.  Those provisions provide in relevant part as follows:

4.3    Disability Pension.

(a)    Eligibility.  A Participant shall be eligible for a Disability Pension if he or she becomes totally disabled as  result of sickness or injury, other than an accidental injury arising out of and in the course of employment with a Participating Company –

(1)    while he or she is an Eligible Employee after earning Net Credited Service of at least 15 years, but

(2)    before Normal Retirement Age and before becoming eligible for a Service Pension.

(b)    Totally Disabled.   For purposes of this section, a Participant is considered to be totally disabled for any period during which, by virtue of a disability, he or she is unable to perform any job for the Company or an Affiliate which is offered to the Participant by the Participating Company for which the Participant most recently provided services.

2

     (c)    Commencement and Duration.  Disability Pension shall be payable during the period for which the Participant is living and totally disabled, but –

        (1)    commencing only after the Participant has received sickness benefits under the Participating Company's Sickness and Accident Disability Benefit Plan for 52 weeks, and

        (2)    ceasing on the earliest of:

            (A)    Normal Retirement Age,

            (B)    the date the Participant recovers sufficiently to resume active service with a participating Company, or

            (C)    the date on which the Participant ceases to submit to periodic medical examination by a physician selected by the Benefit Administrator (or its designee) or to make reasonable efforts to cooperate with any rehabilitation program which the Benefit Administrator (or its designee) requests by notice to the Participant

Schoenecker Affidavit, Exhibit 1 at pages V-0036 through V-0037.

        Ms. Gibbs' claim for a disability pension was initially reviewed by Metropolitan Life Insurance Company ("Metropolitan"), who provides administrative services to Verizon in connection with various Verizon employee benefit plans, including administrative services relating to claims for disability pensions under the Plan.  Schoenecker Affidavit at ¶4.  The information available to Metropolitan reflected that Ms. Gibbs had ceased active employment with Verizon on July 15, 2000.  Schoenecker Affidavit, Exhibit 6 at page V-0299 .  The information reviewed by Metropolitan further reflected that Ms. Gibbs had undergone a partial removal of her lung in August, 2004, and had been treated in 2006 and 2007 for knee pain, back pain and chronic obstructive pulmonary disease.  Id. at page V-0282  However, the information did not show that Ms. Gibbs had been under medical care for all periods subsequent to the date

when she ceased active employment, and it did not show that she had received sickness and accident benefits following her cessation from active employment. <u>Id</u>. Based on its review, Metropolitan recommended that Ms. Gibbs' claim be denied because there was no medical or claim information which supported Ms. Gibbs' inability to work subsequent to her first date of absence, and because she had not received sickness benefits under the company's Sickness and Accident Disability Plan for 52 weeks, both of which are requirements for a disability pension benefit under the Plan. Schoenecker Affidavit, Exhibit 6 at page V-0282.

Following its receipt of Metropolitan's recommendation, on March 12, 2007, the Verizon Benefits Delivery Disability Processing Unit sent a letter to Ms. Gibbs informing her that her claim for a disability pension under the Plan was denied. Schoenecker Affidavit at ¶5 and Exhibit 2. In its March 12, 2007 letter, the Verizon Disability Unit informed Ms. Gibbs of the reasons for the denial of her claim for a disability pension, and quoted the applicable Plan language upon which its adverse determination was based. <u>Id</u>. The March 12, 2007 letter further advised Ms. Gibbs of her right to pursue an administrative appeal from the benefit determination and of the procedures to be followed in the event she decided to pursue an appeal.

On May 18, 2007, Ms. Gibbs submitted a handwritten letter appealing the initial decision denying her claim for a disability pension under the Plan. <u>See</u> Schoenecker Affidavit at ¶6 and Exhibit 3. In accordance with the appeals and review procedures under the Plan, Ms. Gibbs' appeal was referred for disposition to the VCRC, the designated Appeals Administrator under the Plan. Schoenecker Affidavit at ¶6.

Prior to considering Ms. Gibbs' appeal, the VCRC made inquiries to personnel within Verizon as to whether Ms. Gibbs had received 52 weeks of sickness benefits under the company's Sickness and Accident Disability Benefit Plan. <u>See</u> Schoenecker Affidavit, Exhibit 6

at pages V-0236, V-0240 and V-0244.  The VCRC's inquiries in this regard led to its receipt of information confirming that Ms. Gibbs had ceased active employment effective August 2, 2000,[2] and had not received sickness benefits under the applicable Sickness and Accident Disability Benefit Plan subsequent to her cessation of active employment.  Schoenecker Affidavit, Exhibit 6 at pages V-0235, V-0240, V-0247 through V-0249, and V-0255 through V-0256.

As part of its administrative review, the VCRC also requested Verizon's medical director to review the medical records which had been submitted by Ms. Gibbs in support of her claim to determine whether those records demonstrated an inability to work because of her stated medical conditions.  See Schoenecker Affidavit, Exhibit 6 at page V-0326.  On July 9, 2007, Dr. Rukhshna Sadiqali, Verizon's Medical Director, prepared a memorandum report summarizing his conclusions following his review of Ms. Gibbs' medical records.  Schoenecker Affidavit, Exhibit 4 at pages V-0163 through V-0164.  In his July 9, 2007 report, after listing the various diagnoses reflected by the records, Dr. Sadiqali expressed his overall conclusion that Ms. Gibbs had failed to provide "any medical information that supports her total disability."  Id. at page V-0164.

Ms. Gibbs' appeal was considered by the VCRC at its July 19, 2007 meeting.  Schoenecker Affidavit at ¶7 and Exhibit 4.  At that meeting, Ms. Gibbs' appeal of the earlier determination denying her claim for a disability pension under the Plan was denied.  Ms. Gibbs was informed of the decision of the VCRC by letter dated July 25, 2007.  Schoenecker Affidavit, Exhibit 5.

---

[2]  Information initially submitted by Ms. Gibbs to Metropolitan stated that Ms. Gibbs' last day of work was July 15, 2000.  Schoenecker Affidavit, Exhibit 6 at page V-299.  Verizon's payroll records listed August 2, 2000 as her last day worked.  Id. at page V-255 through V-256.  This two week difference may be attributable to Ms. Gibbs' receipt of payment for unused personal or vacation leave, and in any event the two-week difference is not material to Ms. Gibbs' claim for a disability pension under the Plan.

## ARGUMENT

**A.    The Deferential "Arbitrary and Capricious" Standard of Review is Applicable to this Dispute.**

Under the Plan, the Claims Administrator and Appeals Administrator are vested

with authority to construe the terms of the Plan, make factual findings and to determine benefit

eligibility.  The Plan specifically provides in relevant part as follows:

> 14.4    Claims and Appeals
>
> Under the Plan, the Claims Administrator and the appeals Administrator
> are fiduciaries to whom this Plan hereby grants full discretion, with the
> advice of counsel, to do the following:  to make findings of fact; to
> interpret the Plan and resolve ambiguities therein; to make factual
> determinations; to determine whether a claimant is eligible for benefits; to
> decide the amount, form, and timing of benefits; and to resolve any other
> matter under the Plan which is raised by the claimant or identified by the
> respective Claims or Appeals Administrator.  The Claims Administrator
> has exclusive authority to decide all claims under the Plan, and the
> Appeals Administrator has exclusive authority to review and resolve any
> appeal of a denied claim.  In the case of an appeal, the decision of the
> Appeals Administrator shall be final and binding upon all parties to the
> full extent permitted under applicable law, unless and to the extent that the
> claimant subsequently proves that a decision of the Appeals Administrator
> was an abuse of discretion**. . . .**

Schoenecker Affidavit, Exhibit 1 at page V-0098.

ERISA does not itself set forth a standard of review applicable to an action by a

participant seeking to recover benefits under an ERISA plan. However, in <u>Firestone Tire &</u>

<u>Rubber Co. v. Bruch</u>, 489 U.S. 101 (1989), the Supreme Court held that "a denial of benefits

challenged under §1132(a)(1)(B) is to be reviewed under a <u>de</u> <u>novo</u> standard <u>unless</u> the benefit

plan gives the administrator or fiduciary discretionary authority to determine eligibility for

benefits or to construe the terms of the plan."  489 U.S. at 115 (emphasis added).  Where,

however, a plan such as the one involved in the instant case affords the administrator

discretionary authority, the administrator's interpretation of the plan "will not be disturbed if

6

reasonable." 489 U.S. at 114.  The Second Circuit has interpreted this latter standard as permitting a decision by a plan administrator to be overturned only if the court concludes the decision is "arbitrary and capricious."  <u>Pagan v. Nynex Pension Plan</u>, 52 F.3d 438, 441 (2d Cir. 1995).

Under the arbitrary and capricious standard of review, a court may overturn a decision to deny benefits only if it is "without reason, unsupported by substantial evidence or erroneous as a matter of law."  <u>Kinstler v. First Reliance Standard Life Insurance Co</u>, 181 F.3d 243, 249 (2d Cir. 1999) (quoting <u>Pagan</u>, <u>supra</u>).  This scope of review is narrow, and the Court is not permitted to substitute its judgment for that of the decisionmaker.  <u>Pagan</u> <u>supra</u>, 52 F.3d at 442.  Also, under the arbitrary and capricious standard, the Court's review is limited to the evidence which was before the plan administrator at the time of its administrative decision. <u>Miller v. United Welfare Fund</u>, 72 F.3d 1066, 1072 (2d Cir. 1995) (stating that "a district court's review under the arbitrary and capricious standard is limited to the administrative record").

Application of the deferential arbitrary and capricious standard of review to Ms.. Gibbs' challenge to the VCRC's decision denying her claim for a disability pension under the Plan mandates judgment in favor of Defendant.  As discussed below, the determination of the VCRC that Ms. Gibbs was not eligible for a disability pension is fully supported by the evidence provided to the VCRC during the course of its administrative review.

**B.     No Evidentiary Basis Exists for Disturbing the VCRC's Determination That Ms. Gibbs Did Not Meet the Eligibility Requirements for a Disability Pension Under the Plan.**

The principal reasons underlying the decision denying Ms. Gibbs' claim for a disability pension under the Plan are described in the letters sent by the Claims and Appeals Administrators to Ms. Gibbs, including the March 12, 2007 letter sent to Ms. Gibbs informing her of the initial determination denying her claim, and the July 25, 2007 letter sent by the VCRC informing Ms. Gibbs of the adverse decision concerning her administrative appeal. See Schoenecker Affidavit, Exhibits 2 and 5. In these letters, the Claims and Appeals Administrators provided Ms. Gibbs with a description of the administrative review process which had been completed, and set forth a detailed analysis of the evidence and other material relied upon in denying Ms. Gibbs' claim for a disability pension. Id.

Specifically, in its March 12, 2007 letter to Ms. Gibbs informing her of its decision, the Verizon Benefits Delivery Disability Processing Unit quoted the section of the Plan which sets forth the eligibility requirements for a disability pension, including the provision which states that such a disability pension will commence "only after the participant has received sickness benefits under the participating company's Sickness and Accident Disability Plan for 52 weeks." See Schoenecker Affidavit, Exhibit 2. The letter further stated that there was no documentation indicating that Ms. Gibbs had received sickness benefits under the Company's Sickness and Accident Disability Plan for 52 weeks. Id. The letter also advised Ms. Gibbs that there was no medical information supporting her inability to work since her first date of absence. Id.

Likewise, in the July 25, 2007 letter sent by the chairman of the VCRC informing Ms. Gibbs of the denial of her appeal, the VCRC quoted the applicable plan language, noted that there was no evidence that Ms. Gibbs had exhausted 52 weeks of sickness disability benefits, and

summarized the results of the medical record review completed by its medical director, including that physician's overall conclusion that Ms. Gibbs had "not provided any medical information for review that supports [her] total disability."  Schoenecker Affidavit, Exhibit 5.

The VCRC's determination that Ms. Gibbs had failed to establish that she met the eligibility requirements for a disability pension under the Plan is fully consistent with the evidence developed during the review process undertaken by the Claims and Appeals Administrators of the Plan, and certainly cannot be considered arbitrary and capricious.  This conclusion follows for a number of reasons.

First and foremost, the language of the Plan setting forth the eligibility requirements for a disability pension clearly and unambiguously states that one of the requirements for such a disability pension is that the participant has received sickness benefits under the Company's Sickness and Accident Disability Benefit Plan for 52 weeks.  See Plan language quoted at pages 2-3 supra.  During the administrative review process, the VCRC made a number of inquiries to Verizon personnel concerning Ms. Gibbs' work history and medical leave history.  That information confirmed that her last day of active employment with Verizon had been August 2, 2000, and that although her records confirmed multiple intermittent absences during 1999 and 2000, the records further showed that she had not exhausted 52 weeks of sickness disability benefits under the Company's Sickness and Accident Disability Benefit Plan.  Schoenecker Affidavit, Exhibit 6 at pages V-0235, V-0240, V-0247 through V-0249, and V-0255 through V-0256.  It is therefore undisputed that Ms. Gibbs failed to establish this eligibility requirement for receipt of a disability pension under the Plan.

Second, even assuming Ms. Gibbs could somehow overcome this obstacle, the medical evidence submitted by her in support of her claim for disability pension clearly fell short

of evidence sufficient to establish her inability to work because of a medical condition.  As stated supra, during the administrative review process, the VCRC forwarded all of the medical records it had received from Ms. Gibbs in support of her claim to its medical director for review. Following that review, Dr. Sadiqali submitted a memorandum report summarizing the records, and expressing his overall conclusion that Ms. Gibbs had failed to provide "any medical information that supports her total disability."  Schoenecker Affidavit, Exhibit 4 at page V-0164. That conclusion is confirmed by a review of the form completed by one of Ms. Gibbs' attending physicians on December 15, 2006.  See  Schoenecker Affidavit, Exhibit 6 at pages V-0304 through V-0306.  On that form, the physician responded to questions about Ms. Gibbs' physical capacity by checking boxes which are consistent with at least a sedentary work capacity.  Id. at page V-0305.  Further, in response to a specific question about her ability to perform job duties, the physician simply wrote the word "retired," without expressing any opinion about Ms. Gibbs' overall work capacity or ability to work.  Id. at page V-0306.  This form, coupled with the overall failure of Ms. Gibbs to provide medical records supporting her total disability during the administrative review process, clearly provides substantial evidence in support of the VCRC's adverse benefit determination.

In short, the VCRC's decision that Ms. Gibbs' did not meet the eligibility requirements for a disability pension under the Plan is fully consistent with the Plan language and with the evidence submitted during the administrative review process.  It follows that the VCRC's decision upholding the denial of a disability pension to Ms. Gibbs was not arbitrary and capricious, and should be upheld.

## CONCLUSION

On the basis of the foregoing, Defendant respectfully requests that judgment be entered in its favor, and that the claims asserted by Plaintiff in this case be dismissed with prejudice.

Respectfully submitted,

 s/  Eve I. Klein
Eve I. Klein
Duane Morris LLP
1540 Broadway
New York, NY  10036
(212) 692-1065

*Of Counsel*:
John A. Reade, Jr.
Duane Morris LLP
30 South 17th Street
Philadelphia, PA  19103
(215) 979-1855

Attorneys for Defendant

Dated:  May 30, 2008

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of May, 2008 a true and correct copy of the

Memorandum in Support of Defendant's Motion for Summary Judgment was served upon

Plaintiff Cheryl Gibbs at the following address by first-class mail, postage prepaid:

> Cheryl Gibbs
> 594 Union Avenue, Apt. #2D
> Bronx, NY  10455

 s/  Eve I. Klein