IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHERYL GIBBS, ) | |
| ) | Civil Action No. 07cv9851 (GBD) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| VERIZON, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL
FACTS IN SUPPORT MOTION FOR SUMMARY JUDGMENT**

Now comes Defendant, by and through its undersigned counsel, and in accordance with Local Civil Rule 56.1, sets forth the following statement of undisputed material facts in support of its motion for summary judgment:

1. Verizon Communications Inc. is the sponsor of the Verizon Pension Plan for New York and New England Associates (hereinafter the "Plan"). See May 29, 2008 Affidavit of Marc A. Schoenecker (hereinafter "Schoenecker Affidavit") at ¶1 and Exhibit 1.

2. Plaintiff Cheryl Gibbs is a participant under the Plan by virtue of her prior employment with Verizon and its affiliate/predecessor companies. Schoenecker Affidavit at ¶3.

3. In November, 2006, more than six years after her last day of work, Ms. Gibbs submitted a claim for a disability pension under the Plan. Schoenecker Affidavit at ¶4. See also id. Exhibit 6 at page V-0293.

4. The eligibility requirements for a disability pension under the Plan are set forth in Article IV, Section 4.3 of the Plan. Those provisions provide in relevant part as follows:

  4.3  Disability Pension.

  (a)  Eligibility. A Participant shall be eligible for a Disability Pension if he or she becomes totally disabled as result of sickness or injury, other than an accidental injury arising out of and in the course of employment with a Participating Company –

    (1)  while he or she is an Eligible Employee after earning Net Credited Service of at least 15 years, but

    (2)  before Normal Retirement Age and before becoming eligible for a Service Pension.

  (b)  Totally Disabled. For purposes of this section, a Participant is considered to be totally disabled for any period during which, by virtue of a disability, he or she is unable to perform any job for the Company or an Affiliate which is offered to the Participant by the Participating Company for which the Participant most recently provided services.

  (c)  Commencement and Duration. Disability Pension shall be payable during the period for which the Participant is living and totally disabled, but –

    (1)  commencing only after the Participant has received sickness benefits under the Participating Company's Sickness and Accident Disability Benefit Plan for 52 weeks, and

    (2)  ceasing on the earliest of:

      (A)  Normal Retirement Age,

      (B)  the date the Participant recovers sufficiently to resume active service with a participating Company, or

      (C)  the date on which the Participant ceases to submit to periodic medical examination by a physician selected by the Benefit Administrator (or its designee) or to make reasonable efforts to cooperate with any rehabilitation program which the Benefit Administrator (or its designee) requests by notice to the Participant

Schoenecker Affidavit, Exhibit 1 at pages V-0036 through V-0037.

5. Ms. Gibbs' claim for a disability pension was initially reviewed by Metropolitan Life Insurance Company ("Metropolitan"). Metropolitan provides administrative services to Verizon in connection with various Verizon employee benefit plans, including administrative services relating to claims for disability pensions under the Plan. Schoenecker Affidavit at ¶4.

6. The information reviewed by Metropolitan reflected that Ms. Gibbs had ceased active employment with Verizon on July 15, 2000. Schoenecker Affidavit, Exhibit 6 at ppage V-0299. The information reviewed by Metropolitan further reflected that Ms. Gibbs had undergone a partial removal of her lung in August, 2004, and had been treated in 2006 and 2007 for knee pain, back pain and chronic obstructive pulmonary disease. Id. at page V-0282 However, the information did not show that Ms. Gibbs had been under medical care for all periods subsequent to the July, 2000 date when she ceased active employment, and it did not show that she had received sickness and accident benefits following her cessation from active employment. Id..

7. Based on its review, Metropolitan recommended that Ms. Gibbs' claim be denied because there was no medical or claim information which supported Ms. Gibbs' inability to work subsequent to her first date of absence, and because she had not received sickness benefits under the company's Sickness and Accident Disability Plan for 52 weeks, and she therefore failed to meet that requirement for a disability pension benefit under the Plan. Schoenecker Affidavit, Exhibit 6 at page V-0282.

8. Following receipt of Metropolitan's recommendation, on March 12, 2007, the Verizon Benefits Delivery Disability Processing Unit sent a letter to Ms. Gibbs informing her that her claim for a disability pension under the Plan was denied. Schoenecker Affidavit at ¶5

3

and Exhibit 2.  In its March 12, 2007 letter, the Verizon Disability Unit informed Ms. Gibbs of the reasons for the denial of her claim for a disability pension, and cited her to the appropriate Plan language upon which its adverse determination was based.  Id.  The March 12, 2007 letter further advised Ms. Gibbs of her right to pursue an administrative appeal from the benefit determination and of the procedures to be followed in the event she decided to pursue an appeal.

9. On May 18, 2007, Ms. Gibbs submitted a handwritten letter appealing the initial decision denying her claim for a disability pension under the Plan.  See Schoenecker Affidavit at ¶6 and Exhibit 3.  In accordance with the appeals and review procedures under the Plan, Ms. Gibbs' appeal was referred for disposition to the VCRC, the designated Appeals Administrator under the Plan.  Schoenecker Affidavit at ¶6.

10. Prior to considering Ms. Gibbs' appeal, the VCRC made inquiries to appropriate personnel within Verizon to confirm whether Ms. Gibbs had received 52 weeks of sickness benefits under the Company's Sickness and Accident Disability Benefit Plan. Schoenecker Affidavit, Exhibit 6 at pages V-0236, V-0240, and V-0244.  The VCRC's inquiries in this regard led to its receipt of information confirming that Ms. Gibbs had ceased active employment effective August 2, 2000, and had not received sickness benefits under the applicable Sickness and Accident Disability Benefit Plan subsequent to her cessation of active employment.  Schoenecker Affidavit, Exhibit 6 at pages V-0235, V-0240, V-0247 through V-0249, and V-0255 through V-0256.

11. Prior to considering Ms. Gibbs' administrative appeal, the VCRC also requested Verizon's Medical Director to review the medical records which had been submitted by Ms. Gibbs in support of her claim and determine whether those records demonstrated an inability to work because of her stated medical conditions.  See Schoenecker Affidavit, Exhibit 6

4

at page V-0326. On July 9, 2007, Dr. Rukhshna Sadiqali, Verizon's Medical Director, prepared a memorandum report summarizing his conclusions following his review of Ms. Gibbs' medical records. Schoenecker Affidavit, Exhibit 4 at pages V-0163 through V-0164. In his July 9, 2007 report, after listing the various diagnoses reflected by the records, Dr. Sadiqali expressed his overall conclusion that Ms. Gibbs had failed to provide "any medical information that supports her total disability." Id. at page V-0164.

12. Ms. Gibbs' appeal was considered by the VCRC at its July 19, 2007 meeting. Schoenecker Affidavit at ¶7 and Exhibit 4. At that meeting, Ms. Gibbs' appeal of the earlier determination denying her claim for a disability pension under the Plan was denied. Ms. Gibbs was informed of the decision of the VCRC by letter dated July 25, 2007. Schoenecker Affidavit, Exhibit 5.

13. Under the Plan, the Claims Administrator and Appeals Administrator are vested with authority to construe the terms of the Plan, make factual findings and determine benefit eligibility. The Plan specifically provides in relevant part as follows:

> 14.4    Claims and Appeals
>
> Under the Plan, the Claims Administrator and the appeals Administrator are fiduciaries to whom this Plan hereby grants full discretion, with the advice of counsel, to do the following: to make findings of fact; to interpret the Plan and resolve ambiguities therein; to make factual determinations; to determine whether a claimant is eligible for benefits; to decide the amount, form, and timing of benefits; and to resolve any other matter under the Plan which is raised by the claimant or identified by the respective Claims or Appeals Administrator. The Claims Administrator has exclusive authority to decide all claims under the Plan, and the Appeals Administrator has exclusive authority to review and resolve any appeal of a denied claim. In the case of an appeal, the decision of the Appeals Administrator shall be final and binding upon all parties to the full extent permitted under applicable law, unless and to the extent that the claimant subsequently proves that a decision of the Appeals Administrator was an abuse of discretion**. . . .**

Schoenecker Affidavit, Exhibit 1 at page V-0098.

14. The determination of the VCRC that Ms. Gibbs was not eligible for a disability pension under the Plan was not arbitrary and capricious. To the contrary, that determination was supported by the evidence provided to the Claims Administrator and Appeals Administrator during the course of their administrative review. Specifically, and as Dr. Sadiqali concluded, none of the medical information submitted by Ms. Gibbs demonstrated that she was totally disabled and unable to work because of her various medical conditions. Moreover, the VCRC confirmed during its administrative review process that Ms. Gibbs had not received 52 weeks of sickness benefits under the Company's Sickness and Accident Benefit Plan subsequent to her cessation of employment, and therefore did not meet that eligibility requirement for a disability pension under the Plan.

Respectfully submitted,

 s/ Eve I. Klein
Eve I. Klein
Duane Morris LLP
1540 Broadway
New York, NY  10036
(212) 692-1065

*Of Counsel*:
John A. Reade, Jr.
Duane Morris LLP
30 South 17th Street
Philadelphia, PA  19103
(215) 979-1855

Attorneys for Defendant

Dated:  May 30, 2008

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of May, 2008 a true and correct copy of Defendant's Statement of Undisputed Material Facts in Support Motion for Summary Judgment was served upon Plaintiff Cheryl Gibbs at the following address by first-class mail, postage prepaid:

Cheryl Gibbs
594 Union Avenue, Apt. #2D
Bronx, NY  10455


      s/   Eve I. Klein